UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ABDIKADIR ABDULLAHI, et al.,

    Petitioners,

v.                                           Case No.  2:16-cv-254
                                                HON.  PAUL L. MALONEY

JEH C. JOHNSON, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioners Abdikadir Abdullahi, Juan Cubur, and Vincent Ongori filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioners, acting *pro se*, seek class certification and review of their detention by Respondents. At the time Petitioners filed this application, Petitioners were all incarcerated at the Chippewa County Jail (Chippewa) in the custody of the United States Immigration and Customs Enforcement (ICE). Petitioner Vincent Ongori continues his incarceration at the Chippewa jail. Petitioner Abdikadir Abdullahi is incarcerated in the Calhoun County Correctional Center and Petitioner Juan Cubur has been removed from the United States to Guatemala.

Petitioners claim that they are entitled to a bond hearing and a hearing to determine the necessity of their continued detention before an impartial decision maker. Petitioners claim that they were not provided due process and 30 days advance notice of custody reviews as required under 8 C.F. R. § 241.4(i), and other statutory violations. Petitioner Abdullahi, a citizen of Somalia asserts that he has been confined in detention since his removal order was final on August 28,

2015.  Petitioner Ongori is a native of Kenya and was taken into ICE custody on September 22, 2015.  Petitioner Cubur is a native of Guatemala and was removed to that country on December 7, 2016.

Federal Rule of Civil Procedure 23 governs class action lawsuits in federal courts. To maintain a class action, the class must have a class representative that will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a)(4).  The Sixth Circuit has repeatedly held that *pro se* litigants are inadequate class representatives.  *See e.g., Ziegler v. Michigan*, 59 F. App'x 622, 624, 2003 WL 264735 (6th Cir. 2003) ("Generally, *pro se* prisoners cannot adequately represent a class."); *Palasty v. Hawk*, 15 F. App'x 197, 200, 2001 WL 857209 (6th Cir. 2001) ("In this case, no representative party was available because *pro se* prisoners are not able to represent fairly the class."); *Marr v. Michigan*, 89 F.3d 834, 1996 WL 205582 (6th Cir. 1996) ("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class.").

Here, Petitioners are not represented by counsel and filed this class action *pro se*. Thus, Petitioners fail to meet the prerequisites for maintaining a class action under Federal Rule of Civil Procedure 23 because Petitioners are inadequate representatives and cannot fairly protect the interests of the class.  Therefore, it is recommended that the Court deny Petitioners' attempt to have a class action certified.

An alien's detention pending removal from the United States is governed by Section 241(a) of the Immigration and Nationality Act (INA). 8 U.S.C. § 1231(a).  The law states that when an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of ninety days."  8 U.S.C. § 1231(a)(1)(A).  During that time, the

alien must be detained. 8 U.S.C. § 1231(a)(2). If an alien is not removed within that time frame, the alien will be "subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

Under certain circumstances, the Attorney General (AG) may detain the alien beyond the ninety day removal period if the alien has not yet been removed. For example, if the alien has not been removed and the AG believes that he is "a risk to the community or unlikely to comply with the order of removal[]," the AG may detain the alien beyond ninety days. 8 U.S.C. § 1231(a)(6). Similarly, the ninety day removal period will be extended "if the alien fails or refuses to make timely [an] application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). Notably, however, "[t]he Supreme Court set a presumptive standard of 90 days and an outside limit of six months detention for aliens who have been ordered removed absent a showing of a 'strong special justification' for detention." *Ly v. Hansen*, 351 F.3d 263, 275-76 (6th Cir. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690, 701 (2001)); *see also Gjoliku v. Chertoff*, No. 1:06-CV-458, 2007 WL 518809, at *8 (W.D. Mich. Feb. 14, 2007) ("The six-month presumptively reasonably detention period discussed in *Zadvydas* includes the 90-day mandatory detention under § 1231(a)(2))). "After six months, 'the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future."'" *Gjoliku*, 2007 WL 518809, at *8 (quoting *Clark v. Martinez*, 543 U.S. 371, 377-78 (2005) (citing *Zadvydas*, 533 U.S. at 701)).

As Respondents point out, Petitioners have filed individual cases in this Court. In *Abdullahi v. Lynch*, 2:16-cv-257, Petitioner Abdullahi asserts that his continued detention is

3

unlawful. Petitioner was granted travel documents to Somalia and was recently transferred to the Calhoun County Jail to facilitate his removal to Somalia by the next available charter flight. ICE is currently seeking an extension of the travel documents to accommodate Petitioner's removal. Petitioner has failed to show that his removal is not likely in the reasonably foreseeable future. Petitioner Cubar-Tocay was removed to Guatemala on December 7, 2016. Accordingly, it is recommended that Petitioner's Cubar-Tocay's petition be dismissed as moot. Petitioner Ongori filed *Ongori v. Johnson,* 2:16-cv-180. A Report and Recommendation was filed on December 20, 2016, recommending dismissal of that petition. Petitioner is currently appealing the Board of Immigration Appeals decision dismissing his appeal of the January 14, 2016, immigration court decision denying his application for asylum in *Ongori v. Lynch*, 16-3687 (Sixth Circuit Court of Appeals). In *Ongori v. Adducci*, 2:16-cv-224, Petitioner Ongori and others attempted to file a class action lawsuit asserting due process and statutory violations regarding his continued detention. A Report and Recommendation to dismiss that petition was filed on December 14, 2016. ICE is working with the Kenyan Consulate in New York to obtain travel documents for Petitioner Ongori. Petitioner Ongori's next custody review is scheduled for January 12, 2017, and a decision regarding detention is expected at that time. In the opinion of the undersigned, Petitioners have failed to show merit in their petition.

Accordingly, in the opinion of the undersigned, Petitioners have failed to demonstrate that they are being detained unconstitutionally, or that it is unreasonable for ICE to continue their detention beyond the six month period since it is reasonably likely that they will be removed in the foreseeable future. Moreover, Petitioners have failed to show that their due process

4

rights are being violated.  Accordingly, this Court recommends that Petitioners' habeas application be **DENIED WITHOUT PREJUDICE**.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     January 23, 2017            /s/ Timothy P. Greeley
                                                   TIMOTHY P. GREELEY
                                                   UNITED STATES MAGISTRATE JUDGE