UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Abdikadir Abdullahi et al.,
   Petitioners,

v.

Jeh. C. Johnson et al.,
   Respondents.

Case No. 2:16-cv-254

HON. PAUL L. MALONEY

## ORDER ADOPTING REPORT AND RECOMMENDATION

In November 2016, three petitioners in ICE detention as non-citizens, Abdullahi Abdikadir, Juan Cubur, and Vincent Ongori, proceeding pro se, filed a joint complaint; they seek an order for immediate bond hearings in light of their extended incarceration, among other relief, including class certification. (ECF No. 1 at PageID.1.) The filing was construed as an application for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The United States filed a response in opposition to the complaint for declaratory and injunctive relief. (ECF No. 11 at PageID.31.)

On January 23, 2017, Magistrate Judge Timothy Greeley issued a report recommending the Court deny the Plaintiffs' application without prejudice. (ECF No. 17 at PageID.99.) Petitioner Vincent Ongori filed an objection. (ECF No. 19 at PageID.105.)

I.  STANDARD OF REVIEW

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the

R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## II. DISCUSSION

Only Petitioner Ongori filed a response. (ECF No. 19 at PageID.105.) The response, however, insufficient to state an objection and warrant review. It merely attaches a copy of a letter verifying receipt of a complaint of judicial misconduct filed by Ongori against Magistrate Judge Greeley and provides a general rant about how the report and recommendation contains a factual "contradiction" and reflects a "judicial disability." (*Id.* at PageID.105–06.)

Petitioner concludes his two-page diatribe with a bald list of "issues reserved on appeal." (*Id.* at PageID.106.) The trouble for Petitioner, however, is that none of those issues have been preserved. Even if the Court credits Petitioner's claims of error, which include a sequencing error in the statement of facts and an alleged contradiction in legal reasoning with

2

respect to appointment of counsel, Petitioner has failed to develop a sufficient objection to the report and recommendation to warrant review.

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995); *accord. McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997); *see Mira*, 806 F.2d at 637 (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Accordingly, Petitioner's **OBJECTION** is **OVERRULED** (ECF No. 19), and the Report and Recommendation is **ADOPTED** in full. (ECF No. 17.) Plaintiff's application is dismissed without prejudice.

"The plain language of § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). Therefore, resolution of a COA is not necessary.

Judgment will enter separately.

**IT IS SO ORDERED**.

Date:   May 1, 2017                             /s/ Paul L. Maloney  
                                                Paul L. Maloney  
                                                United States District Judge